**Eugene P. CASEY, Respondent,**

v.

**BONDED COLLECTIONS OF ST. CLOUD, INC., Defendant,**

**Robert Verkuilen, Appellant.**

**No. CX–85–2258.**

Court of Appeals of Minnesota.

Aug. 26, 1986.

Review Denied Oct. 29, 1986.

Gerald W. Von Korff, Rinke, Noonan, Grote & Smoley, St. Cloud, for respondent.

Gordon Rosenmeier, Rosenmeier & Anderson, Little Falls, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and LESLIE and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

In a supervised voluntary dissolution proceeding, the trial court ordered Bonded Collections of St. Cloud, Inc. (Bonded) to buy-out Robert Verkuilen, the corporation's minority shareholder. Verkuilen appeals on the ground that the trial court improperly calculated the buy-out price that Bonded is to pay Verkuilen for his one-fourth interest in the corporation. Bonded filed a notice of review, arguing that the statutes do not authorize the trial court to order a mandatory buy-out in a voluntary dissolution proceeding. We reverse and remand.

## FACTS

Bonded was incorporated as a close corporation in 1966 by Eugene Casey and Robert Verkuilen to operate a collection agency in St. Cloud. Casey, who contributed $21,000, owns seventy-five percent of the Bonded stock, serves as the corporation's president and performs all the non-clerical duties, including administration, sales, and telephone collections. Casey's employment agreement does not contain a covenant not to compete with Bonded.

Robert Verkuilen, who contributed $700, owns the remaining twenty-five percent of the corporation's stock. Like Casey, Verkuilen's employment contract does not contain a covenant not to compete, and, in fact, Verkuilen owns a collection agency with offices in Little Falls. He initially had a fifty percent voting interest in Bonded.

Under Casey's management, Bonded prospered. Verkuilen's activities were limited to giving advice and attending board meetings. By 1983 the corporation was showing a yearly net profit of approximately $36,000 after Casey received his salary. Both parties shared in the dividends. Verkuilen admitted that Casey's $650 per month salary constituted only twenty-five percent of the usual salary for an individual in Casey's position, but apparently it was not until June 1983 that Casey indicated that his salary was too low.

In 1983, Casey and Verkuilen had a disagreement over Casey's compensation and reached an informal agreement allowing one party to buy out the other. Subsequent attempts by both Casey and Verkuilen to buy out the other failing, Casey commenced a shareholder action to require an evaluation of the corporation and a corporate buy-out. The action was eventually dismissed by the parties, and Casey's salary was increased to $2,500 per month.

Later, against Verkuilen's vote, Bonded passed a corporate resolution calling for dissolution and liquidation of the corporation under the supervision of the court. At the hearing at which the court was to approve Bonded's dissolution plan, Verkuilen moved for a buy-out order pursuant to Minn.Stat. § 302A.751, subd. 2 (1984), contending that the corporate dissolution would result in the loss of going concern value. Bonded responded that the buy-out provisions of Minn.Stat. § 302A.751, subd. 2 applied only in a shareholder's action for involuntary dissolution, and therefore were inapplicable in this voluntary dissolution case. Bonded also asserted that because the corporation provided personal services, its value depended on the talents of Casey, talents that would evaporate at dissolution. Thus, Bonded claimed that its value was not its going concern value because its going concern value would include Casey's services.

Finding that it would be unfair to dissipate the going concern value of Bonded by its dissolution, the trial court determined that a buy-out of Verkuilen's interest was

required. Claiming to exercise its equitable powers, the court decided that Casey was entitled to an adjustment in sales price because of his low salary. The court determined that an appropriate adjustment would be "$66,600.00 representing three times the difference between Casey's actual salary and a salary which reasonably should have been payable to Casey." Consequently, the court subtracted $66,000 from $126,000, the value of Bonded, and divided by four, resulting in a price of $14,950 for Verkuilen's share. The trial court also ordered Verkuilen to sign a covenant not to compete for one year.

Thereafter, Verkuilen moved for a new trial and Casey moved for amended findings. The trial court denied both motions. Verkuilen then appealed, claiming that the trial court erred in reducing the going concern value by the amount of salary that Casey was underpaid. Casey filed a notice of review. He argues the trial court was without statutory authority to order a mandatory buy-out. In the alternative, Casey asserts that if the trial court did possess such power, then the trial court properly considered Casey's depressed salary.

## ISSUE

Is the mandatory buy-out pursuant to Minn.Stat. § 302A.751, subd. 2 available in a voluntary dissolution proceeding?

## ANALYSIS

The shareholders of a corporation may voluntarily dissolve a corporation, Minn. Stat. § 302A.721, subd. 1 (1984), under the supervision of the court. *Id.* § 302A.741. In a supervised voluntary dissolution, "[t]he corporation and its shareholders have already decided to dissolve, and have merely requested the court to supervise the dissolution process so that it proceeds in an orderly manner." Minn.Stat.Ann. § 302A.751 (West 1985) reporter's general comment, at 602. In a supervised voluntary dissolution, a court may grant any *equitable relief* or *dissolve* the corporation and liquidate its assets. Minn.Stat. § 302A.751, subd. 1(a).

Such equitable relief does not include a buy-out. The statutory provision authorizing a buy-out is clear: the buy-out remedy is available only in an involuntary dissolution action commenced by a shareholder pursuant to Minn.Stat. § 302A.751, subd. 1(b). *See* Minn.Stat. § 302A.751, subd. 2. The general comments to section 302A.751 state that a mandatory buy-out "may *only* be involved in those cases where a shareholder has brought suit for *involuntary dissolution.*" Minn.Stat.Ann. § 302A.751 (West 1985) reporter's general comment, at 603 (emphasis added). The comments further state that "[a] court may * * * order * * * a mandatory buy-out *instead of involuntary dissolution whenever the grounds for involuntary dissolution* have been established." *Id.* at 601 (emphasis added).

In this instance, neither party commenced an action for involuntary dissolution. We have before us a supervised voluntary dissolution in which "the corporation is before the court for liquidation * *." *In re E.C. Warner Co.*, 232 Minn. 207, 215, 45 N.W.2d 388, 394 (1950). Based on the clear and unambiguous statutory provisions and commentary, we conclude that the trial court erred in ordering a buy-out.

## DECISION

In the supervised voluntary dissolution of a corporation, a mandatory buy-out is not a permissible remedy. We therefore reverse and remand, with direction to the trial court to take additional evidence for purposes of valuation and the ultimate liquidation of Bonded.

Reversed and remanded.